JOHN D. SCOTT, Administrator, *vs.* SEARLES & MOORE.

All the legislative enactments upon the same subject, must be construed together, and a harmonious interpretation adopted if practicable.

Where a statute requires that bond with surety shall be given, upon obtaining an appeal, and another statute in regard to executors and administrators, exempts them from all liability beyond assets, the latter statute will be held an exception to the former.

Executors and administrators, as such, are not bound to give the appeal bond required by the general statute.

A MOTION was made in this court to dismiss this appeal from the decision of the probate court of Madison county, for want of the appeal bond required by the statute.

*Tupper*, for the motion.

The statute authorizing appeals from the probate court, requires, in all cases, a bond with security, approved by the court. See How. & Hutch. p. 473, § 20.

This is necessary in order to give this court jurisdiction. See 3 How. 75, *Porter* v. *Grisham*, and cases recently decided.

The law makes no exception in favor of executors, administrators or any other trustee.

The mere fact that a party assumes the character of administrator, in commencing a suit against another, will not, it is submitted, give him the exclusive privileges contended for.

*Scott and Calhoun*, contra.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a motion to dismiss the appeal in this cause, for want of an appeal bond.

A statute of this State directs that bond, with surety, shall be given upon obtaining an appeal, and by the decisions of this court in regard to persons prosecuting appeals in their own right, such bond must be given, or the cause will be stricken from the

docket for want of jurisdiction. But there is another statute in regard to executors and administrators, which exempts them from all liability beyond the assets of the estate. H. & H. 396, § 38. They are not liable to pay costs against the estate out of their own funds. To require them to give bond, ·with surety, upon an appeal taken by them, would frequently lead to a personal decree or judgment against them, and thereby contravene the express provisions of the last named statute. All the legislative enactments upon the same subject, must be construed together, and a harmonious interpretation adopted so far as practicable. An implied repeal of a statute will not be sanctioned, unless it be clearly in conflict with another. In this instance both statutes can have their full effect, by holding that the one operates as an exception, to the general rule created by the other, and that executors and administrators, as such, are not bound to give the appeal bond.

In this we do not claim any right to create exceptions to the terms of a statute, but only by a fair exposition to give efficacy to an exception created by the law itself.

A similar construction has been adopted in several of our sister States. See *Linney's executor* v. *Holliday.* 3 Ran. 1. But there they met the rule mainly upon the ground that the executor and administrator has already given bond to administer the estate according to law, and they hold that a remedy exists upon that bond, if the costs be not paid, and there are assets for the purpose.

*The motion will be overruled.*